**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

JOHN WESTFALL                                                        PLAINTIFF

v.                                                                     No. 3:05CV107-D-A

BENTON COUNTY SHERIFF'S
DEPARTMENT, ET AL.                                          DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of John Westfall, challenging the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act the court finds that the plaintiff was incarcerated at the time he filed this suit. The plaintiff sets forth the following allegations regarding the Benton County Jail:

1. The jail has no medical staff to check inmates for diseases prior to placing them with the general population of the jail.

2. The cell blocks do not have smoke detectors.

3. The jail does not maintain a generator for continuity of electrical power at the jail in case of a power outage.

4. The temperatures inside some jail cells can reach over 100 degrees Fahrenheit.

5. The bathrooms do not have showers equipped for those with handicaps.

6. The jail does not have a law library or other means to conduct legal research.

7. The jail feeds the inmates only twice per day.

8. Jail inmates have no opportunity for recreation.

9. The cell blocks do not have telephones; as such, the inmates cannot telephone their attorneys.

The plaintiff seeks the following relief:

1.      An injunction shutting down the Benton County Jail.

2.      $500,000.00 in compensatory damages.

For the reasons set forth below, all of the plaintiff's claims shall be dismissed with prejudice.

## Discussion

The court notes initially that the plaintiff has not set forth the elements required for injunctive relief. A party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). The plaintiff has not established any of these four elements; as such, his request to have the Benton County Jail shut down shall be denied. In addition, the plaintiff has not alleged any physical injury; therefore, he may collect damages neither for physical injury nor for mental or emotional injury. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir 2005).

## General Conditions

The plaintiff has not alleged that the conditions of which he complains – which are discussed individually below – have caused him any injury whatsoever. As such, the instant complaint shall be dismissed with prejudice. "[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). Prison officials

have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

The plaintiff claims that the jail has no medical staff to check inmates for diseases prior to placing them in the general population of the jail; however, as the plaintiff did not contract a disease while at the jail, this claim has no merit and shall be dismissed. Likewise, the plaintiff points to the lack of smoke detectors, law library, telephone, emergency electrical generator, and showers equipped for handicapped people to support his claim of cruel and unusual punishment. The plaintiff also claims that the Benton County Jail permitted cell temperatures to exceed $100°$ F and that the jail provided him with no opportunity for recreation. These conditions have not, however, caused the plaintiff any injury; as such, these claims shall be dismissed. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir 2005).

Considering the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the instant claims do not rise to the level of a constitutional violation. The plaintiff has not identified any "basic human need" which he was denied for an unreasonable period of time. *Woods*, 51 F.3d at 581. The plaintiff has not shown that he has suffered injury from these conditions, and these claims shall be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 8th day of December, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE